OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner seeks a judgment annulling the determination of respondent which resulted in a denial of petitioner’s application for a driver’s license.
Petitioner’s driver’s license was revoked following his third speeding conviction within 18 months. He surrendered his license pursuant to an order of revocation on November 1, 1979. On May 5, 1980, petitioner applied to respondent for restoration of his driver’s license. His application was denied based upon a review of his driving record and in conformity with part 136 of the regulations of the Commissioner of Motor Vehicles (15 NYCRR Part 136) (which established certain criteria to identify individual problem drivers). Petitioner was, however, informed that he could submit facts in support of his application. Petitioner availed himself of this opportunity by submitting a letter and affidavit on May 19, 1980. On *661 June 4, 1980, respondent advised petitioner by letter that his license application was denied based upon criteria established in part 136 of the commissioner’s regulations as aforesaid, and that petitioner was barred from reapplying for a license at least until March 31, 1981.
Petitioner contends that the action of respondent in denying petitioner’s application to restore his driver’s license is based on part 136 of the commissioner’s regulations and said part 136 is unconstitutional as applied to petitioner herein as ex post facto and retrospective; therefore, the denial should be reversed by this court.
This court cannot agree with the contentions of the petitioner. From August 8, 1974 up to and including July 4, 1979, petitioner was convicted of 12 speeding violations. A driver’s license has been held by the courts of this State to be a privilege conferred upon a citizen of the State who has met certain statutory requirements, and there is no right thereto. Pursuant to section 510 of the Vehicle and Traffic Law, the commissioner may under certain circumstances suspend or revoke a driver’s license. It is well within the statutory authority conferred on the commissioner to revoke the license of the petitioner herein with a record of this magnitude.
Part 136 of the regulations of the commissioner provides in pertinent part as follows: “Section 136.1 Introduction. (a)Intent. Section 510 of the Vehicle and Traffic Law provides that a license may be issued after revocation, in the discretion of the commissioner. In exercising süch discretion and in keeping with his responsibility to provide meaningful safeguards for the general public who are users of the highways, it is the purpose of the commissioner to utilize departmental driver improvement programs in order to rehabilitate problem drivers through the use of education and explanation. It is the further purpose of the commissioner to take disciplinary action in order to force a change in the attitude and driving habits of problem drivers, where review of the applicant’s total record indicates that such action is necessary for the protection of the applicant and the public alike. This part is intended to implement such purposes by establishing criteria to identify individual problem drivers, the applica *662 tian of which shall result in a presumption, in certain cases, that the involved driver would present a potential danger to himself or other users of the highway if allowed to be licensed or relicensed.”
Section 136.4 (a) (3) (15 NYCRR 136.4 [a] [3]) mandates a denial of the petitioner’s application. The petitioner’s record indicated to the commissioner that he is a danger to other users of the public highways and he is not fit to drive an automobile.
The regulations promulgated by respondent are reasonable and effect the purposes for which the regulations were enacted. They are not ex post facto and do not deny petitioner due process of law just because they have the effect of extending the time within which petitioner may apply for a license and were enacted after his license was revoked.
In view of the foregoing, the petition is in all respects denied.